# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALVIN FAULKNER, | * |
| Petitioner | * |
| v | *  Civil Action No. ELH-18-2468 |
| U.S. PARDON NO. 4 and INNA TOLLER | * |
| | * |
| Respondents | |

\*\*\*

## MEMORANDUM

The above-captioned Petition for Writ of Habeas Corpus was filed on August 10, 2018, pursuant to 28 U.S.C. § 2241. By way of background, the Court notes the summary of Faulkner's criminal convictions, as provided by Judge Motz in his 2008 Memorandum in Faulkner's earlier § 2241 habeas proceeding, *Faulkner v. Rouse*:

> Petitioner was sentenced on February 11, 1987, in the Circuit Court for Montgomery County by Judge Irma Raker. In case number 41408, petitioner was convicted of two counts of robbery with a dangerous and deadly weapon and use of a handgun in the commission of a felony. . . . The total of the sentences imposed was 25 years, expiring on January 24, 2011.
>
> On March 20, 1987, petitioner was again sentenced in the Circuit Court for Montgomery County by Judge Cave in case number 41407, following conviction for attempted first-degree murder, attempted second-degree murder, robbery with a dangerous and deadly weapon, and use of a handgun in the commission of a felony. Petitioner was sentenced to life for attempted first-degree murder; 30 years for attempted second-degree murder to run concurrently with the life sentence; 20 years for robbery with a dangerous and deadly weapon to run concurrently with both the life sentence and the 30-year sentence; and 20 years for use of a handgun in the commission of a felony, which was made concurrent with all other counts. Judge Cave then indicated that the term of confinement imposed would be consecutive to the sentence imposed by Judge Raker in case number 41408[.]
> . . .
>
> [After a second trial and several amended commitment records in case number 41407, Petitioner's sentence for all charges in that case was reduced to a total active term of 30 years' imprisonment.] Again, the total term was to run

consecutive to the sentence imposed in case 41408. After the commitment record was amended, petitioner's term of confinement was adjusted to reflect a maximum expiration date of January 24, 2041.

Case No. JFM-08-951, ECF 13 at 1-3 (internal citations omitted).

In the instant action, Petitioner claims that he is being unlawfully held at Clifton T. Perkins Hospital after being found incompetent to stand trial for his 2017 "Charge of Escape/Walk off from Pre-lease [sic] Unit." Case No. 18-2468, ECF 1 at 2. Petitioner argues that the escape charge was without legal justification because, at the time of his escape, he was not lawfully in custody.

The Petition is not a model of clarity. As best the Court can discern, Petitioner's argument is based on his belief in one or both of the following possibilities. First, at the time of his escape Petitioner was being held under DOC inmate #186-774; this number was "tracked directly to" his 30-year sentence in Montgomery County Circuit Court, case number CR-41407, which he states began on January 24, 1986, and thus had expired before his February 17, 2017 escape. *Id.* Second, in "September 2016, U.S. Pardon #301189210 was issued [c]ommuting Circuit For Montgomery County Judgment of Conviction as to case Cr 41408 & 41407." *Id.*

Both of these possibilities are without merit. As to the DOC inmate number argument, an inmate number corresponds to a particular inmate, not a particular criminal conviction. That Petitioner was still incarcerated under DOC Inmate #186-774 does not indicate his progress toward completing either sentence; the same inmate number would apply to Petitioner throughout his consecutive terms of incarceration issued in two cases. As to the second argument, a "U.S. Pardon" would have no effect in a Maryland state case, as federal pardons and commutations are only applicable for federal offenses. *See* U.S. Const. art. II, § 2, Cl. 1 (stating that the President "shall have Power to grant Reprieves and Pardons for *Offenses against the*

*United States*, except in Cases of Impeachment" (emphasis added)). For Petitioner to be pardoned or have his sentence commuted in the above detailed criminal cases, he would need a pardon from the Governor of Maryland. *See* Md. Const. art II, § 20.

Out of an abundance of caution, the Court has reviewed the docket sheets for Petitioner's criminal cases. It has found no reference to pardons or commutations in either. *See* Maryland Judiciary Case Search, http://casesearch.courts.state.md.us/casesearch/.

Because Petitioner's arguments are without merit, the Petition shall be denied and dismissed, without prejudice to Petitioner's ability to raise a future challenge to the constitutionality of his confinement.

A separate Order follows.


<u>August 14, 2018</u>                                            <u>     /s/                         </u>
Date                                                                       Ellen L. Hollander
                                                                                      United States District Judge